**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1572-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN HAGLEY,

     Defendant-Appellant.

_____

          Submitted September 20, 2021 – Decided September 29, 2021

          Before Judges Sabatino and Natali.

          On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment Nos. 17-06-0766 and 17-10-1364.

          Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

          Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Jonathan Hagley appeals the trial court's September 9, 2020 order denying his petition seeking post-conviction relief ("PCR") from his 2018 conviction of various offenses. We affirm, essentially for the same substantive reasons expressed in the PCR judge's September 2, 2020 written opinion.

According to the State's proofs, on November 19, 2016, defendant unlawfully entered a residence in Garfield, armed with a handgun and with an apparent intent to burglarize the home. The following day, November 20, he was found in possession of that same gun without a permit. Several months later, on May 30, 2017, defendant assaulted a fellow inmate in the Bergen County Jail, cutting that inmate's face with a blade.

Following these incidents, defendant was charged with numerous offenses in two separate indictments. With respect to the November 2016 incident, defendant was charged in Indictment 17-06-00766-I with, among other offenses, attempted murder, aggravated assault with a deadly weapon, and burglary. As to the May 2017 jail incident, defendant was charged in Indictment 17-10-1364-I with, among other things, aggravated assault, aggravated assault with a deadly weapon, and other weapons offenses.

Pursuant to a global plea agreement negotiated with the State, on Indictment 17-06-0766-I, defendant pled guilty to burglary, in violation of

N.J.S.A. 2C:18-2, and unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5(b). Defendant also pled guilty to aggravated assault, in violation of N.J.S.A. 2C:12-1(b)(1), on Indictment 17-10-01364-I. All other charges were dismissed with the State's assent. As part of the plea terms, the State further agreed to recommend concurrent sentences of seven years on all three offenses, subject to parole ineligibility periods respectively mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2, and the Graves Act, N.J.S.A. 2C:43-6(c). Defendant pled guilty and assented to these terms on the record at the plea proceeding on February 7, 2018, accompanied by his counsel.

On March 16, 2018, the trial court sentenced defendant to concurrent terms of seven years, with credit given for time already served and in accordance with the associated parole disqualifiers, consistent with the plea agreement. His attorney at that hearing argued for a lesser sentence of six years, which the court rejected.

Defendant filed a direct appeal of his sentence on the Sentencing Oral Argument ("SOA") calendar, arguing the sentencing judge overlooked several mitigating factors, including his youthful age of eighteen at the time of the offenses. We rejected those arguments and affirmed defendant's sentences in an

SOA order dated May 7, 2019. The Supreme Court denied certification. <u>State v. Hagley</u>, 239 N.J. 409 (2019).

Thereafter, defendant filed the instant PCR petition. In particular, he contends his plea counsel was ineffective by failing to urge to the sentencing judge certain mitigating factors more strenuously. Among these factors, he asserts the victim of the burglary was a drug dealer, that he did not intend to use the gun to harm anyone, and that his later assault of a fellow inmate occurred during a fight as an imperfect act of self-defense.

After considering defendant's claims and oral argument, the PCR judge dismissed the petition. The judge found no need for an evidentiary hearing. The judge issued a detailed written opinion explaining why he dismissed the petition on both procedural grounds under <u>Rule</u> 3:22-2(c) (limiting the ability to raise sentencing-related arguments on PCR), and also on its merits.

This appeal ensued. Defendant presents the following arguments in his brief:

> <u>POINT I</u>
>
> THE POST - CONVICTION TRIAL JUDGE ERRED IN FINDING THAT THE PETITION WAS BARRED AND CONSEQUENTLY DEFENDANT'S RIGHT TO DUE PROCESS WAS VIOLATED.

<u>POINT II</u>

INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING REQUIRES THAT AN EVIDENTIARY HEARING BE HELD.

Having considered these arguments in light of the applicable law, we affirm the dismissal of defendant's PCR petition. We do so on substantive grounds, and do not reach the PCR judge's alternative procedural basis.

Under the Sixth Amendment of the United States Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in <u>Strickland</u> by demonstrating: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. <u>Ibid.</u>; <u>see also</u> <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey).

In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690. A defendant asserting ineffective assistance of counsel must present a prima facie

claim of such ineffectiveness in order to obtain an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992).

Defendant fails to make such a prima facie showing in this case. As to the first part of the Strickland test, we agree with the PCR judge that defendant's contentions that his plea counsel was ineffective are manifestly lacking in merit. The sentencing transcript reveals that defendant's counsel presented to the judge mitigating evidence of his age, educational disability, and mental health issues that allegedly contributed to his wrongful conduct. Counsel also pointed out that defendant had a supportive family, who were present in court and who had submitted statements on his behalf. Counsel further argued that defendant was not an isolated instigator in both incidents.

As to the second part of the Strickland test, we agree with the PCR judge it is speculative that a more forceful or detailed presentation by defense counsel would have changed the sentenced imposed. By negotiating a favorable plea agreement with the prosecutor, counsel spared defendant from a far greater sentencing exposure on the two indictments. Although only age eighteen, defendant had an extensive juvenile record. His lawyer negotiated a very favorable plea agreement that avoided consecutive terms on the two indictments. The sentences were not above the ordinary term for such offenses. No prima

facie case of ineffectiveness was shown, and thus the PCR judge did not err in declining a hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1572-20